W. H. MOORE v. THE STATE.

No. 21380. Delivered January 15, 1941.
On Motion to Reinstate Appeal February 19, 1941.
Rehearing Denied April 30, 1941.

The opinion states the case.

*Dawson & Hatten,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

CHRISTIAN, Judge.

The offense is negligent homicide; the punishment, confinement in jail for five months.

The recognizance merely shows that appellant has been convicted. It fails to state that the conviction was for a misdemeanor. It being defective in the respect mentioned, this court is without jurisdiction.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION TO REINSTATE THE APPEAL.

CHRISTIAN, Judge.

The record having been perfected, the appeal is reinstated and the case considered on its merits.

The information and complaint embraced two counts, the first charging negligent homicide of the first degree and the second, negligent homicide of the second degree. The verdict of the jury was as follows: "We, the jury, find the defendant guilty as charged and assess his punishment at five months in the county jail." The judgment of the court followed the verdict of the jury and failed to show whether appellant was guilty of negligent homicide of the first or second degree. The transcript fails to show that a charge was given to the jury. Appellant contends that the verdict is fatally defective in that it is not shown whether the conviction was for negligent homicide of the first or second degree. Although we have no charge to aid us in determining which count of the complaint and information was submitted to the jury, it is observed that appellant made a motion to quash both counts on the ground, among others, that they were vague and indefinite. We gather from the order of the court relative to the motion that the first count was quashed and that the motion was overruled as to the second count. It seems to follow that only the count charging negligent homicide of the second degree was submitted to the jury. This count was amply supported by the evidence, It being shown that appellant, while driving at approximately seventy miles an hour on the Katy Highway in Harris County, negligently ran into the automobile occupied by Mrs. H. G. Cole and fatally injured her. Not only does the testimony support the second count but the record discloses that the first count had been quashed. Under the decision of this court in C. E. Evans v. State, Opinion No. 21,255, delivered January 22, 1941, (page 241 of this volume), this court is warranted in

reforming the judgment so as to show that appellant is guilty of negligent homicide in the second degree.

Appellant contends that there is no proof in the record showing that the accident occurred on a public highway as alleged. We are unable to agree with this contention. The first witness for the State testified that the collision occurred on the Katy Highway in Harris County. A deputy sheriff testified that he was on the Katy Road when the collision occurred, where he had arrested a party for exceeding the speed limit. The officer referred to the road as a highway. This officer testified that a fellow officer investigated the collision while he (witness) "took charge of traffic, directed the traffic." Throughout the testimony the road is referred to as a highway. Another officer testified: "I am a deputy sheriff of Harris County assigned to the highway patrol * * * I was out on the Katy Road when a collision occurred in which Mrs. Cole was injured. At the time of the collision we were stopped right there on the Katy Road. I had stopped a fellow because he was speeding and was giving him a ticket."

In 21 Texas Jurisprudence, page 529, it is said: "The term 'highway' denotes a road over which the public have a right of travel, as distinguished from a way which some persons, but not the public generally, may use." We take the following from 3 Words and Phrases, Third Series, page 1108: "The term 'highway' imports in law a road, the use of which is in the public." We think the proof sufficient to show that the highway in question was a public highway. See Blackman v. State, 20 S. W. (2d) 783, and Smith v. State, 92 S. W. (2d) 1046.

A careful examination of all of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is reformed so as to adjudge appellant guilty of negligent homicide of the second degree.

As reformed, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In a well-prepared motion for a rehearing appellant takes the position that since there is testimony in the record from one

witness to the effect that appellant drove an automobile upon a public highway at the rate of approximately seventy-five miles per hour while intoxicated and while so operating said automobile upon the highway he ran into the car driven by the deceased, his conviction for the offense of negligent homicide cannot stand, because Article 1240, P. C., takes it out of the realm of negligent homicide. This contention is based upon the fact that one witness testified that when he reached the scene of the collision a very few minutes after it occurred, appellant was lying upon the ground; that he was unconscious and his breath carried the odor of whisky. This fact alone would not absolutely and unqualifiedly show that he was drunk and make him guilty of murder under Article 42 of the Penal Code, which reads as follows:

"One intending to commit a felony and who in the act of preparing for or executing the same shall through mistake or accident do another act which, if voluntarily done, would be a felony, shall receive the punishment affixed to the felony actually committed."

It would still be a question of fact for the jury to determine whether or not appellant was drunk at the time of the collision although his breath may have carried the odor of liquor. A person may have had a drink of whisky and his breath carry the odor and yet he may not be drunk. The jury were not required to believe that part of the witness' testimony in which he expressed his opinion that the appellant was drunk, based solely upon the odor of whisky on his breath. However, we are not advised by the record what instructions the court gave to the jury. It may be that the court charged the jury that if they believed from the evidence that if appellant was drunk at the time and place of the collision, to acquit him. If such an instruction was given, appellant would have no just ground for complaint.

Believing that the case was properly disposed of on the original submission, appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.