## RAY H. DUNCAN V. STATE.

No. 24097. June 16, 1948.
Rehearing Denied October 13, 1948.

Hon. Sam Williams, Judge Presiding.

*R. T. Wilkinson* and *H. L. Edwards,* both of Mt. Vernon, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of drunken driving and by the jury fined $150.00, and he appeals.

The statement of facts contains sufficient evidence upon which a jury could have and doubtless did predicate its verdict of guilt.

The only matter called to our attention is the overruling of a motion to quash the information herein which reads as follws:

"IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

F. B. Caudle County Attorney of the County of Franklin, State of Texas, at this, the August Term, A.D., 1947, of District

Court, said County, comes in behalf of the State of Texas and in connection with the complaint of Fred Weatherford, herein filed, presents, in and to said District Court that in said county and state, on or about the 27th day of June, A. D., 1947, Ray H. Duncan did then and there unlawfully, while intoxicated and while under the influence of intoxicating liquor, drive a motor vehicle, to-wit:

An automobile, upon a public highway within said County, against the peace and dignity of the State.

F. B. Caudle
County Attorney
Franklin Co., Texas."

We have frequently held that it is not necessary to the validity of an indictment or information to allege the specific highway on which the driving is supposed to have taken place, but in the event such specific highway is alleged, then such must be proven. See Pritchett v. State, 137 Tex. Cr. R. 423, 129 S. W. (2d) 676; White v. State, 131 Tex. Cr. R. 69, 95 S. W. (2d) 429; Nichols v. State, 120 Tex. Cr. R. 219, 49 S. W. (2d) 783; Blackman v. State, 20 S. W. (2d) 783.

Under these decisions, we think the information to be sufficient to charge the offense; and the testimony also being sufficient, the judgment will be affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing appellant calls attention to the fact that he insisted on original submission that the evidence failed to show that the road upon which he was driving was a "public" highway, and he now renews such contention.

The officer who arrested appellant always refers to the road as "Highway No. 67." Appellant testified that he came through Mt. Vernon on Highway 67, and that he was on his way to Dallas. He must, therefore, have been traveling the highway between these points.

In Blackman v. State, 20 S. W. (2d) 783, this court, quoting from Shannon v. Martin, 164 Ga. 872, 139 S. E. 671,672, said: " ' "Roads" and "highways" are generic terms, embracing all kinds of public ways, such as county and township roads, streets, alleys', etc."

We quote from Moore. v. State, 141 Tex. Cr. R. 570, 150 S. W. (2d) 91, as follows:

"In 21 Texas Jurisprudence, page 529, it is said: 'The term "highway" denotes a road over which the public have a right of travel, as distinguished from a way which some persons, but not the public generally, may use.' We take the following from 19 Words and Phrases, Permanent Edition, 560, 'The term "highway" imports in law a road, the use of which is in the public.' "

The motion for rehearing is overruled.