**Wilbert Edward THEISS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 29002.

Court of Criminal Appeals of Texas.

May 22, 1956.

Bill M. Dickson, Houston, for appellant.

Dan Walton, Dist. Atty., Thomas D. White, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Upon a trial before the court without a jury, appellant was convicted of the offense of operating a motor vehicle upon a public highway while intoxicated and assessed punishment at confinement in jail for ten days and a fine of $100.

Appellant's sole contention is that the evidence is insufficient to sustain the conviction, it being insisted that the state failed to prove that he was intoxicated and that while intoxicated he operated a motor vehicle upon a public highway in Harris County as alleged in the information.

The information charged in substance that on the date alleged the appellant while intoxicated did unlawfully drive a motor vehicle upon a public highway in Harris County, Texas.

The state called Highway Patrolman C. A. Bruton as a witness who testified that on the evening in question while he and Patrolman Flanagan were parked on the east side of *U.S. 75* headed north, they observed an automobile which appellant was driving going south on the other side of the highway; that appellant was driving slowly from left to right in both traffic lanes and being followed by ten or fifteen other vehicles that were unable to pass; that he and his partner proceeded to follow the appellant for approximately a mile in an attempt to stop him and after the fourth attempt forced the appellant to pull over and · stop. He further testified· that

after stopping the appellant he could smell alcohol on his breath, that appellant could not walk without assistance, could not talk, but mumbled and expressed his opinion that the appellant was highly intoxicated.

Patrolman Flanagan, upon being called as a witness by the appellant, substantially corroborated the testimony of Patrolman Bruton and testified that in his opinion the appellant on such occasion was intoxicated.

As a witness in his own behalf appellant admitted that he had consumed a quantity of vodka the night before but testified that he had nothing to drink the day of his arrest and was not intoxicated when stopped by the two patrolmen.

The witness Watkins testified that appellant had been to his home on the evening in question and left around 6 A.M. which was approximately an hour before he was stopped by the officers. Watkins stated that while at his home appellant had nothing to drink, he observed nothing unusual about him and that appellant did not act intoxicated when he left.

Appellant offered other witnesses who testified in substance that appellant had an impediment in his speech and difficulty in speaking when in a crowd or when he became nervous.

■ The evidence being conflicting, the court had the right to reject appellant's evidence and accept that of the state which he did and we find the evidence sufficient to sustain the court's judgment.

■ The fact that the witness Bruton referred to the place of appellant's driving and arrest as on *U.S.* 75 does not sustain the appellant's contention that the state failed to prove that he operated the motor vehicle upon a public highway. The witness Bruton, as well as other witnesses referred to the place where appellant was driving as on a highway. Bruton further testified that the place where he and his partner observed and stopped the appellant was in Harris County, Texas. The testimony shows that the highway was being used by other vehicles. Appellant in his testimony stated that at the time he was stopped by the officers he was "just driving back into town" from his friend, Mr. Watkins' house out in the country. Such testimony was sufficient to show that the highway upon which appellant was driving his automobile was a public highway in Harris County, Texas. Duncan v. State, Tex.Cr.App., 213 S.W.2d 824.

The judgment is affirmed.

Opinion approved by the Court.