**Guayford Hanson GERSBACH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–82–214–CR(T).**

Court of Appeals of Texas, Austin.

March 16, 1983.

William T. Wilson, Prescott, Greenfield, Mewhinney & Wilson, Temple (Retained), for appellant.

Patrick J. Ridley, County Atty., Joseph C. Wiener, Jr., Asst. County Atty., Belton, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

EARL W. SMITH, Justice.

Appellant, in a non-jury trial, was tried before the judge of the County Court at Law No. 2 of Bell County, Texas, on August 8, 1979, upon a complaint and information charging him with operating a motor vehicle upon a public road or highway in Bell County, Texas, while under the influence of intoxicating liquor. The court adjudged the appellant guilty as charged and assessed his punishment at a fine of $300 and confinement in the county jail of Bell County for three days.

Appellant brings two grounds of error. In the first, he contends that the trial court erred in holding that the evidence was suf-

ficient to prove that the appellant operated a motor vehicle on a public road or highway as alleged in the information. In the second ground, he contends that the trial court was without jurisdiction to proceed when a necessary information had not been filed in the proper court. We will overrule both grounds of error and affirm the judgment of conviction.

Appellant's contention that the evidence was not sufficient to prove that he drove a motor vehicle on a public road or highway, as alleged in the information, is without merit. No lengthy discussion of the evidence is necessary to dispose of this contention.

Deputy Sheriff King of Bell County testified that shortly after midnight on May 5, 1979, he was patrolling on Farm-to-Market Road 436, a public road and highway in Bell County, Texas. As he proceeded north on this highway he saw a vehicle parked in the northbound lane of the highway. Appellant was outside the vehicle at that time, and the vehicle had its engine running and its lights on. The officer observed appellant re-enter his vehicle and drive a distance of one-quarter to one-half mile before stopping partially on the roadway and partially on the shoulder of the roadway. The officer testified that he watched appellant travel from a rise at the top of Knob Creek (an area just past the bridge down 436) to beyond the Ohnheiser housing addition.

On cross examination, counsel for the appellant questioned Officer King concerning where the appellant eventually stopped his vehicle on the improved shoulder. He asked the officer, "[w]hat type of improved shoulder, if any, existed on Farm-to-Market Road 436 at that point?" From the officer's answer, as well as other testimony in the statement of facts, we hold that there is no question but that the appellant drove and operated his vehicle upon a public highway (Farm-to-Market Road 436), in Bell County, Texas.

Appellant does not challenge the sufficiency of the evidence proving intoxication at the time he was driving the vehicle. Two officers, Officer King and Trooper Schiller of the Department of Public Safety, testified that appellant was intoxicated at the time. On cross examination it was proved that the appellant took a breathalyzer test and the results of this test were stipulated. The stipulation shows that appellant had 0.16 alcoholic content in his blood at the time the breathalyzer test was given.

As noted, the arresting officer testified that Farm-to-Market Road 436 was a public highway in Bell County, Texas. The Court of Criminal Appeals has held that merely stating official highway numbers sufficiently proves that an offense was committed on a particular public road or highway. *Theiss v. State,* 164 Tex.Cr.R. 661, 302 S.W.2d 139 (Tex.Cr.App.1956). Appellant's first ground of error is overruled.

Appellant's second contention, that the trial court was without jurisdiction to proceed when a necessary information had not been filed in the proper court, is likewise without merit. Omitting the formal parts thereof, the information filed in this case reads as follows:

I, Patrick Ridley County Attorney, of the County of Bell, State of Texas, at this the April term, A.D. 1979, of the County Court-At-Law of Bell County, Texas comes in behalf of the State of Texas, and in connection with the complaint of Dan Smith herein filed, presents in and to said Court that in said County and State, heretofore, on or about the 5th day of May, A.D. 1979, Guayford Henson Gerbach did then and there unlawfully and while under the influence of intoxicating liquor, drive and operate a motor vehicle upon a public road and highway of and in the said County and State....

In this contention, appellant relies on Tex.Code Cr.P.Ann. art. 21.21(2) (1966), which reads as follows:

[a]n information is sufficient if it has the following requisites:

\* \* \* \* \* \*

2. That it appear to have been presented in a court having jurisdiction of the offense set forth....

The information shows that it was presented in the county court-at-law of Bell County, Texas. The case was tried before the judge of County Court at Law No. 2 of Bell County, Texas. County Court at Law No. 2 of Bell County, Texas, was a legislative creation. Tex.Rev.Civ.Stat.Ann. art. 1970–350a (Supp.1982).[1] The effective date of the act, with its amendment, was May 20, 1975. Article 1970–350a § 1, reads:

Section 1. (a) On the effective date of this Act the County Court at Law No. 2 of Bell County is created.

(b) The County Court at Law No. 2 has the same jurisdiction over all causes and proceedings, civil, criminal, and probate, original and appellate, prescribed by law for county courts, and its jurisdiction is concurrent with that of the County Court of Bell County and the County Court at Law of Bell County.

Section 5 of art. 1970–350a, reads:

Sec. 5. (a) Practice in the County Court at Law No. 2 of Bell County shall conform to that prescribed by law for the County Court of Bell County.

(b) The Judge of each of the County Courts at Law or the County Court of Bell County may, in his discretion, either in term-time or in vacation, on motion of any party or on agreement of the parties, or on his own motion, transfer any cause, civil or criminal, on his docket to the docket of either of those courts, and the judges of those courts may, in their discretion, exchange benches from time to time. Whenever a judge of one of those courts is disqualified, he shall transfer the case from his court to one of the other courts, and *either judge may, in his own courtroom, try and determine any case or proceeding pending in either of the county courts at law or the county court, without having the case transferred,* or may sit in the other court and there hear and determine any case there pending . . . . [emphasis supplied]

Appellant's argument is that, since the information in this cause recited that it was presented in the "County Court at Law of Bell County, Texas" rather than in the County Court at Law No. 2 of Bell County, Texas, the information was not filed in the proper court and County Court at Law No. 2 was without jurisdiction. A similar contention was raised in *Newsom v. State,* 372 S.W.2d 681 (Tex.Cr.App.1963). There, the appellant was tried for driving while intoxicated in County Court at Law No. 2 of Lubbock County, Texas. The act creating the court referred to the existing county court at law as "County Court at Law No. 1 of Lubbock County," and provided that the two courts should have concurrent jurisdiction and that cases could be transferred by their respective judges from one court to the other. The record in *Newsom* shows that the prosecution began by the filing of a complaint and the presentment of an information in County Court at Law of Lubbock County on October 2, 1958. In *Newsom,* as here, the appellant contended that County Court at Law No. 2 was without jurisdiction to try the case; no motion was filed in the trial court attacking the jurisdiction of County Court at Law No. 2 to try the case. The Court held:

[a]ny complaint of irregularity in the transfer of the case from the court where it was filed to County Court at Law No. 2, where it was tried, should have been entered before announcing for trial in said County Court at Law No. 2. *Torres v. State,* 161 Tex.Cr.R. 480, 278 S.W.2d 853; *Bell v. State,* 170 Tex.Cr.R. 508, 342 S.W.2d 444.

Texas Code Cr.P.Ann. art. 27.09 (1966) reads:

[e]xceptions to the form of an indictment or information may be taken for the following causes only:

(1) That it does not appear to have been presented in the proper court as required by law . . . .

As noted, appellant made no complaint in the trial court as to the jurisdiction of County Court at Law No. 2 of Bell County, Texas, to try the case.

---

1. *See* 1975 Tex.Gen.Laws, ch. 37, §§ 1–5, at 79. Texas Rev.Civ.Stat.Ann. art. 1970–350a § 5(b) was amended by 1975 Tex.Gen.Laws, ch. 283, § 1, at 670.

**426** 

█ In felony cases, when there is more than one district court in the county, the indictment need not specify the particular court in which it was presented. *Hefley v. State,* 489 S.W.2d 115 (Tex.Cr.App.1973); *Sargent v. State,* 33 S.W. 364 (Tex.Cr.App. 1895).

In *Stribling v. State,* 542 S.W.2d 418 (Tex.Cr.App.1976), the appellant complained because the information did not specify in which district court of Dallas County it was presented, but only that it was presented to the "_____ district court _____ of Dallas County." The Court of Criminal Appeals held that such a complaintt is one as to form which should have been raised in the trial court [citing Tex.Code Cr.P.Ann. art. 27.09(1) (1966)].

█ Having failed to timely raise the question of the jurisdiction of the County Court at Law No. 2 of Bell County, Texas, to try the case, appellant cannot be heard to make his complaint for the first time on appeal. Moreover, appellant ignores the express provisions of art. 1970–350a § 5, providing that either judge of Bell County may, in his own courtroom, try and determine any case or proceeding pending in either the county courts at law or the county court, without having the case transferred. Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.