NUMBER 13-99-371-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


BERNARDO LARA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 24th District Court


of Jackson County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez and Rodriguez



Opinion by Justice Chavez





 On May 19, 1999 a jury found Appellant Bernardo Lara guilty of
Driving While Intoxicated as an enhanced offense.(1) The judge
sentenced Lara to seven years incarceration, and assessed a $2,500
fine. In one point of error appellant challenges the sufficiency of the
evidence that he committed the offense in a public place. We affirm.

 Appellant has failed to specify if he is challenging the legal or
factual sufficiency of the evidence. In the interests of justice, we will
consider both. In a factual sufficiency review, the reviewing court "sets
aside the verdict only if it is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust." Johnson v. State,
2000 Crim. App. LEXIS 12, *12; Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996). Testimony came from five witnesses. It
included a description fast and erratic driving by appellant, confused
and clumsy behavior, a glassy bloodshot stare, and a strong odor of
alcohol when he was pulled over, as well as bizarre and belligerent
conduct in his interactions with everyone who testified. The State
provided the name of the road where he was stopped, and described
landmarks on the road. Appellant refused a breathalyser test, and
offered no evidence in his defense. In light of this evidence, the jury's
verdict was not so contrary to the overwhelming weight of the evidence
that we should reverse it for factual insufficiency.

 In a legal sufficiency review, the reviewing court views the
evidence in the light most favorable to the verdict to determine whether
a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S.
307 (1979); Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim. App.
1996). To prove appellant committed the offense of driving while
intoxicated, the prosecution must show: 1) appellant was intoxicated,
2) while operating a motor vehicle, 3) in a public place. See Tex. Pen.
Code Ann. § 49.04 (Vernon Supp. 2000). A public place is "any place to
which the public or a substantial group of the public has access and
includes, but is not limited to, streets, highways, and the common
areas of schools, hospitals, apartment houses, office buildings,
transport facilities, and shops." Id. at § 1.07(a)(40) (Vernon 1994).

 Appellant challenges the sufficiency of the evidence that the
offense occurred in a public place. Specifically, appellant complains that
the only evidence that proved that the location of the events was a
public road or highway was testimony provided by law enforcement
officers. Appellant cites Theiss v. State to argue that in order to convict
an individual of driving while intoxicated, the testimony must show that
the highway was used by other vehicles. Theiss v. State, 302 S.W.2d
139, 140 (Tex. Crim. App. 1956). We disagree.

 In Theiss, the court of criminal appeals stated that the testimony
brought before the trial court had shown that "the highway was being
used by other vehicles," and that, "Such testimony was sufficient to
show that the highway upon which appellant was driving his
automobile was a public highway." Theiss, 302 S.W.2d at 140. The
court did not require that the evidence show that the highway be used
by other vehicles. It merely determined that the testimony provided in
that case was sufficient to uphold that element of the offense. In the
thousands of DWI cases in the 44 years since Theiss was published, it
has only been cited three times, never by the court of criminal appeals,
and never has it been read to require a showing that the highway was
used by other vehicles.

 It is well settled that the identification of a highway by name is
sufficient to show that a defendant was driving on a public road or
highway. Ginn v. State, 439 S.W.2d 840, 840 (Tex. Crim. App. 1969);
Yeary v. State, 734 S.W.2d 766, 770 (Tex. App.--Fort Worth 1987, no
pet.). The highway appellant was driving on was identified as
"Highway 59" at trial by the officer who made the stop. He described
the exact location by its block number and identified various public
buildings located on the highway. We therefore overrule appellant's
point of error.

 We affirm the judgment of the trial court.

 MELCHOR CHAVEZ

 Justice

Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 22nd day of June, 2000.

1. See Tex. Pen. Code Ann. §§ 49.04, 49.09 (Vernon Supp. 1999). 
A person commits the offense of driving while intoxicated "if the
person is intoxicated while driving a motor vehicle in a public place." 
Id. § 49.04. The offense of Driving While Intoxicated becomes a third
degree felony "if it is shown on the trial . . . that the person has
previously been convicted two times of an offense relating to the
driving or operating of a motor vehicle while intoxicated." Id. §49.09.