**Walter Haley GINN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42054.**

Court of Criminal Appeals of Texas.

April 23, 1969.

Weldon Holcomb, Rex Kirby, Tyler, for appellant.

Hunter B. Brush, Dist. Atty., Tyler, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is driving while intoxicated, second offense; the punishment, three years in the Department of Corrections.

Two grounds of error are assigned and presented in argument. The first is that the State failed to prove the allegation in the indictment that appellant drove upon "a public highway". Highway Patrolman Morris testified that he saw the automobile appellant was driving while he was on routine patrol "on the Gladewater Highway, U.S. 271, east of Tyler".

The cases relied upon by appellant, Spencer v. State, 118 Tex.Cr.R. 336, 42 S.W.2d 259, and Walker v. State, 136 Tex. Cr.R. 368, 125 S.W.2d 571, relate to situations where the State specified the highway by name in the indictment and then failed to prove the specifics contained in the indictment. Ground of error #1 is overruled.

The officer testified that on the night of the arrest, appellant had a strong odor of alcohol, staggered, had difficulty in understanding the questions put to him,

and in his (the officer's) opinion was intoxicated.

■ Appellant's next ground of error is that the arresting officer was permitted to testify as to certain information which he secured about appellant's age and description taken down at the scene in the form of a ticket and from which he refreshed his memory. No request was made by appellant to inspect the instrument which was not introduced in evidence and we overrule his contention that reading from the ticket constituted bolstering of his testimony.

Finding the evidence sufficient to support the conviction, and no reversible error appearing, the judgment is affirmed.