**Lois THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45986.

Court of Criminal Appeals of Texas.

March 28, 1973.

Rehearing Denied May 16, 1973.

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., and Robert B. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the sale of heroin. Punishment was assessed by the court at life.[1]

The sole contention of the appellant is that the evidence is insufficient to show that the evidence admitted was the same or similar to that alleged to have been bought in the indictment. He contends that the chain of custody of the heroin introduced was not established.

Charles Mathis, an undercover officer of the Dallas police department, testified that on the day in question he saw the appellant who he knew only as "Bo" and told him that he wanted "to cop a twenty-five paper $25 paper of jive" which meant he wanted to buy twenty-five dollars worth of heroin. The appellant left in an automobile, returned and sold Mathis "this powder wrapped in foil" for twenty-five dollars. Mathis further testified that he left with the package and met Detective Fowler and handed him the package. Fowler then placed it in a box which was initialed by Fowler and Mathis. He also testified that he did not make any more purchases that day.

Fowler took the box, with the foil inside, sealed it in an evidence envelope and placed it in a locked evidence box. The foil packet and box were in exactly the same condition as when he received them from Mathis.

Lt. Day opened the locked evidence box, opened the sealed envelope and saw the box and packet inside. He then delivered the box and foil packet in the same condi-

---

1. At the penalty stage of the trial the appellant testified that he had been convicted of three prior offenses of burglary and for an offense of wilful destruction of property.

tion as when he took them out of the locked evidence box.

Louis Anderson, a chemist and firearms examiner, received the envelope with the box and packet inside at the Criminal Investigation Laboratory from Lt. Day. Anderson initialed the envelope and checked to see that the box and packet were present and turned the envelope, box and packet over to Dr. Mason for analysis. The laboratory report, which was introduced into evidence, signed by Dr. Mason reflected that the packet in the evidence envelope contained heroin.

Anderson testified that the report is the type made in the normal course of business and that he (Anderson) had the care, control, management and supervision of those business records.

■ The appellant contends that because Anderson could not specifically recall receiving the envelope box and foil packet that the chain of custody was not shown. According to Anderson and from the number of the report, many thousands of exhibits are submitted to the laboratory. The fact that he did not personally remember handling the exhibits does not prevent them from being admitted into evidence.

■ The admissibility of ordinary diagnostic findings customarily based on objective data and not usually presenting more than average difficulty of interpretation is generally conceded. McCormick, Evidence, Section 290 (1954), page 612.

Article 3737e, Vernon's Ann.Civil Statutes, by its terms authorizes proof by the testimony of the entrant, custodian or other qualified witness, "even though he may not have personal knowledge as to the various items or contents of such memorandum or record," and that "such lack of personal knowledge may be shown to affect the weight and credibility of the memorandum or record but shall not affect its admissibility." Trujillo v. State, 166 Tex.Cr.R. 405, 313 S.W.2d 871.

■ Dr. Mason was not called as a witness. The report was admissible as a business record under Article 3737e, supra. Clifton v. State, Tex.Cr.App., 399 S.W.2d 353. See Easley v. State, Tex.Cr.App., 472 S.W.2d 128, and Mahaffey v. State, Tex.Cr.App., 471 S.W.2d 801.

No error is shown. The judgment is affirmed.