William Edward **LAWLESS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46191.

Court of Criminal Appeals of Texas.

June 6, 1973.

---

Carmen Glazner, (Court appointed on appeal only), Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Marvin D. Snodgrass & J. J. Heinemann, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary; the punishment, ten (10) years.

Appellant's two grounds of error contend that State's Exhibits # 1 and # 2 were inadmissible as hearsay.

Witness Orville Wright, Production Superintendent of Gifford-Hill, the injured corporation, testified that two typewriters, two adding machines, a check protector and a checkbook were stolen at the time of the burglary. In giving the serial numbers of the stolen articles the witness relied upon an Equipment Register form, made in the ordinary course of business and kept in the company's files, showing all the equipment owned by the company in Tarrant County. He stated that this list was prepared by the company's Dallas office from information sent in by the office under his charge and that he was personally acquainted with the existence of this equipment prior to the burglary. The witness further testified that he recovered most of the items listed from various pawn shops and that he identified them by serial number from the list in question. The court also admitted an Equipment Status Report listing only the stolen items and their serial numbers.

Appellant contends that these exhibits were not admissible under Article 3737e, Vernon's Ann.Rev.Civ.St., and relies upon certain civil cases where the court held that the proper predicate for the exhibits in question had not been laid. This is not the case before us here.

This Court has recently, in Coulter v. State, Tex.Cr.App., 494 S.W.2d 876 (1973), fully discussed the Competence of Record Act, Article 3737e, supra. We hold that the proper predicate was properly laid and that the exhibits were admissible. Cf. Roddy v. State, Tex.Cr.App., 494 S.W.2d 174 (1973).

Finding no reversible error, the judgment is affirmed.

ONION, P. J., concurs in the result.