Robert LUMPKIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 49771.

Court of Criminal Appeals of Texas.

June 11, 1975.

Rehearing Denied July 9, 1975.

Joe J. Johnson, Jr., Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Travis Young, Bill A. Leonard and Tim Evans,

Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of theft of property over the value of fifty dollars and was sentenced to ten years' imprisonment.

In his first ground of error, appellant contends the evidence was insufficient to show that the truck trailer alleged to have been stolen was in fact owned by J. M. Ellis as alleged in the indictment.

Ellis testified that on the date alleged in the indictment he had custody of Overseas Container's service trailer number ADCU209231.[1] However, he admitted on cross-examination that all his knowledge and information concerning this trailer was based solely upon records of his employer, and that he had no personal knowledge regarding the truck trailer in question.[2] The records were not offered or introduced into evidence. No other evidence of the ownership of the trailer with number ADCU209231 appears in the record before us. The issue, then, is whether this testimony was sufficient to show ownership as alleged in the indictment.

 If a witness is qualified under Article 3737e, Sec. 2, Vernon's Ann.Civ.St., and testifies to facts satisfying the requirements of Article 3737e, Sec. 1, supra, the record, so far as relevant, may be admitted into evidence. Prine v. State, Tex.Cr.App., 509 S.W.2d 617; Lawless v. State, Tex.Cr. App., 495 S.W.2d 241. Alternative to introducing the document itself into evidence, the record may be read into evidence. Williams v. State, Tex.Cr.App., 508 S.W.2d 83. Once a record has been introduced, physically or by reading, its contents may be explained by a witness properly qualified to do so. Norris v. State, Tex.Cr.App., 507 S.W.2d 796 (dictum). The procedures set out in the cases here cited were not followed in the case before us.

In Trujillo v. State, 166 Tex.Cr.R. 405, 313 S.W.2d 871, this Court stated:

"Article 3737e V.C.S., by its terms, authorizes proof by the testimony of the entrant, custodian or other qualified witness, 'even though he may not have personal knowledge as to the various items or contents of such memorandum or record,' and that 'such lack of personal knowledge may be shown to affect the weight and credibility of the memorandum or record but shall not affect its admissibility.'"

The Court was speaking of the requirements for admissibility of a record stated in Art. 3737e, Sec. 1, supra, and the method of proving the existence of those *requirements* and not of proving the contents of the records themselves. Art. 3737e, Sec. 2, supra. In *Trujillo*, and again in Thomas v. State, Tex.Cr.App., 493 S.W.2d 832, which relied upon *Trujillo*, the records themselves were introduced. Neither of those cases, nor Alvarez v. State, Tex.Cr.App., 508 S.W.2d 100, which discussed both,[3] stands

---

1. The record reflects the following on direct examination of Ellis:

 "Q. I'll ask you in whose custody was that trailer, ADCU209231, on May 15, 1973?
 "A. My custody."

2. The record reflects the following on cross-examination of Ellis:

 "Q. Now, in other words, all you can tell this jury is 'I looked at a record and somebody by the name of Campbell said we have control of a trailer that came in from Houston, and that record that I looked at was made by someone else and that somebody else said when it was taken.' That's all you're telling the jury, isn't it?
 "A. Yes, sir.
 "Q. That's all you can tell them, because that's all you know about it?
 "A. Yes, sir."

3. *Alvarez* states that in *Thomas* the witness testified from the laboratory report. The opinion in *Thomas*, however, states that the laboratory report was introduced into evidence.

for the proposition that Article 3737e, Sec. 2, authorizes proof of the *information* in records by the testimony of a custodian who lacks personal knowledge of those facts to which he offers testimony. Testimony by a witness to facts of which he has no knowledge is hearsay; and the mere existence of writings, somewhere, whether business records or not, does not change the hearsay character of that testimony.

Memory may be refreshed by business records as well as by other means.[4] In such event, however, with a refreshed recollection the witness is testifying to facts of which he has personal knowledge. The rule permitting business records to be used in this manner (Ginn v. State, Tex.Cr.App., 439 S.W.2d 840; Moreno v. State, 170 Tex. Cr.R. 410, 341 S.W.2d 455) does not authorize a witness who does not have personal knowledge of the information in the records to testify to that information as though he had knowledge of it, and it does not remove any such attempt from the realm of hearsay.

If, instead of testifying as though the facts learned from studying records were known personally, a witness testifies that he has examined certain documents and those documents state certain matters as fact, the testimony of the witness is not itself hearsay. It is, however, subject to the best evidence rule objection inasmuch as the testimony purports to establish that the writings are thus and so as testified. Cozby v. State, Tex.Cr.App., 506 S.W.2d 589, does not hold to the contrary. It was there stated that the best evidence rule is satisfied when the writing is produced, and that it need not be introduced. However, even if the rule is satisfied, a hearsay problem may exist despite the fact that the statements from the witness stand are not hearsay. If the statements are offered for the truth of the matter contained in the writings, then it must appear that the writings, themselves, are not hearsay. If they are hearsay, then the testimony would only establish that the witness knows certain writings to exist; it would not evidence the truth of the content of those writings. As to such content, the testimony would be hearsay.

The evidence of ownership in the record before us consists entirely of assertions of personal knowledge, and admissions that all knowledge of those matters was gained by studying records. The records were not admitted as in *Prine* and *Lawless*, supra. They were not read into evidence as in *Williams*, supra. They were not used to refresh personal knowledge as in *Ginn* and *Moreno*, supra. Nor were they produced and testimony given as to their contents as outlined in *Cozby* and *Alvarez*, supra. The testimony offered amounted to nothing more than hearsay.[5]

Hearsay is without probative value, even if admitted without objection. Mendoza v. State, Tex.Cr.App., 522 S.W.2d 898 (1975); Reynolds v. State, Tex.Cr.App., 489 S.W.2d 866. It constitutes no evidence, and will not be considered in determining the sufficiency of the evidence. Payne v. State, Tex.Cr.App., 480 S.W.2d 732; Cherb v. State, Tex.Cr.App., 472 S.W.2d 273; Rog-

---

4. See 63 Tex.Jur.2d, Witnesses, Secs. 171 et seq.

5. Judge Douglas, in his dissent, asserts that a "new rule" is being established that a witness must have personal knowledge of the items in his place of business in order to testify to his custody of them. That assertion is unfounded. The witness here could have brought his records with him and complied with the rules of evidence for their introduction.

In marked contrast, Judge Morrison, in his dissent, asserts that we are holding that a certificate of title must be introduced to show custody. This assertion is equally unfounded. If the witness here had had actual personal knowledge, no documents would have been required at all. The shortcoming in the State's proof in this case is that *no* probative evidence of ownership, by records *or* personal knowledge, was introduced.

ers v. State, Tex.Cr.App., 368 S.W.2d 772; O'Beirne v. State, Tex.Cr.App., 365 S.W.2d 787. Eliminating the hearsay evidence of ownership from consideration, there is *no* evidence in the record of ownership.

Because there is no evidence of ownership, the judgment is reversed and the cause remanded.

MORRISON, Judge (dissenting).

The majority is holding that henceforward in all motor vehicle theft cases it is imperative that the State introduce the certificate of title[1] to such vehicle even though the custody is charged to have been in an agent or employee of the true owner.

This has never been the rule in theft prosecutions in this State and should not be adopted as a new rule.

DOUGLAS, Judge (dissenting).

The majority reverses this conviction for inadequate proof of custody even though the witness J. M. Ellis testified without objection that he had control of the trailer in question. When he testified that he had control that was sufficient to show ownership.

The majority holds that the cross-examination destroyed his testimony on direct examination because he had no personal knowledge or information concerning the trailer except from the records of his employer.

This new rule established by the majority now requires personal knowledge by a witness of all the items in his place of business before he can testify he had custody of them.

It would not be logical or possible for the person in custody of thousands of items of merchandise to have personal knowledge of each item. For example, a wholesale distributor of appliances could have a large warehouse covering several acres of land and no one connected with the business would have personal knowledge of the items. Only the records and serial numbers could be used to establish ownership.

A truck driver who connects his tractor to a trailer for a cross-country trip would, probably in most instances, have little or no personal knowledge of the contents of the trailer.

The new rule adopted by the majority would make it impossible in many cases to successfully prosecute for thefts, especially from large business concerns.

Mark me dissenting from such an illogical rule that has no place in business or law.

---

1. Article 6687–1, Sections 1 and 2, V.A.T.C.S.