**David Stephen GOODE, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–84–267–CR, 2–84–268–CR.**

Court of Appeals of Texas,
Fort Worth.

March 7, 1985.

C. Warren Van Cleve, Arlington, for appellant.

Tim Curry, Dist. Atty. and Mary Thornton Taylor, Asst. Dist. Atty., Fort Worth, for appellee.

Before ASHWORTH, JOE SPURLOCK, II and HUGHES (Retired) (Sitting by Assignment), JJ.

## OPINION

HUGHES, Justice (Retired) (Sitting by Assignment).

Appellant, David Goode, pled guilty to the offenses of delivery of methaqualone, and possession and delivery of more than a quarter ounce of marihuana. In each case, Goode received a ten-year probated sentence. On September 23, 1983, the State filed a motion to revoke probation alleging three violations of probationary conditions: (1) driving while intoxicated on January 25, 1983; (2) driving while intoxicated on September 14, 1983; and (3) failing a urinalysis for cannabinoids on May 16, 1983. At a hearing held on the State's motion to revoke, the court found Goode violated the terms of his probation by driving while intoxicated on January 25, 1983, and September 14, 1983. On the basis of these findings, Goode's probation was revoked. Appellant appeals on two grounds of error.

The judgment is affirmed.

In his first ground of error appellant claims that the trial court erred in revoking his probation as no evidence was presented concerning the January 25, 1983, drunk driving allegation. We disagree and overrule appellant's first ground of error.

■ Appellate review of an order revoking probation is limited to a determination of whether the trial court abused its discretion. *Barnett v. State*, 615 S.W.2d 220, 222 (Tex.Crim.App.1981). Where the State has failed to meet its burden of proof, the trial court abuses its discretion in issuing an order to revoke probation. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App.1984).

■ The burden of proof in a revocation proceeding is by a preponderance of the evidence. *Martin v. State*, 623 S.W.2d 391, 393 (Tex.Crim.App.1981). The State satisfies its burden of proof in a probation revocation proceeding when the greater weight of credible evidence before the trial court creates a reasonable belief that a condition of probation has been violated.

*Pettit v. State*, 662 S.W.2d 427, 429 (Tex. App.—Corpus Christi 1983, pet. ref'd).

■ It is well-settled that sufficient proof of any one of the alleged violations of the condition of probation will support the court's order to revoke probation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim. App.1980); *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App.1979); *Castro v. State*, 662 S.W.2d 460, 462 (Tex.App.—Corpus Christi 1983, pet. ref'd).

■ A review of the record in the present case reveals that appellant is correct in stating no evidence was presented regarding the January 25, 1983 drunk driving allegation. The record, however, does contain ample evidence for the trial judge to have concluded that appellant was driving while intoxicated on September 14, 1983.

Both the arresting officer and the officer who unsuccessfully administered the intoxilyzer test to appellant testified that in their opinion appellant was intoxicated at the time of his arrest as he smelled of alcohol, and stumbled and swayed when he walked. They also observed that appellant was glassy-eyed. The arresting officer further testified that when he first noticed appellant's car it was weaving in and out of the traffic lanes at a high rate of speed and almost collided with several cars traveling in the same direction. This officer also stated that before he pulled appellant's car over he saw the car go over on the shoulder of the road about three times. After he pulled appellant over, the officer said he detected a strong odor of alcohol on Goode's breath. The officer further testified that appellant lacked coordination and was unable to walk a straight line. The officer also observed that appellant's eyes were glassy and bloodshot, his speech was slurred and he seemed confused and disoriented.

On the basis of these recitals, we find that the State met its burden of proof as to the September 14, 1983 violation. We

therefore hold that since there was sufficient proof of this violation the trial court did not abuse its discretion in revoking appellant's probation. No evidence regarding the January 25, 1983 violation was needed. We accordingly overrule appellant's first ground of error.

In his second ground of error Goode complains that the trial court abused its discretion in revoking his probation on the basis of the September 14, 1983 drunk driving allegation as the State did not show the offense occurred "upon a public road or highway in this State...." *See* Act of June 13, 1979, ch. 682, sec. 3, 1979 Tex.Gen. Laws 1609, 1609, *amended by* Act of June 16, 1983, ch. 303, sec. 3, 1983 Tex.Gen.Laws 1574, 1574–77. The Court of Criminal Appeals has held that identification of the highway by name is sufficient to show that a defendant was driving while intoxicated upon a public road or highway. *Ginn v. State*, 439 S.W.2d 840, 840 (Tex.Crim.App. 1969) (testimony that appellant was driving "on the Gladewater Highway, U.S. 271, east of Tyler" found sufficient); *Theiss v. State*, 164 Tex.Cr.R. 661, 302 S.W.2d 139, 140 (Tex.Crim.App.1956) (testimony that appellant was driving on U.S. 75, a highway in Harris County, Texas deemed sufficient); *accord Gersbach v. State*, 648 S.W.2d 423, 424 (Tex.App.—Austin 1983, no pet.).

■ The arresting officer testified that he first saw the automobile appellant was driving while on patrol on Highway 360 northbound, a main thoroughfare. The officer further stated that at the time of the arrest Goode was stopped at a red light at the intersection of Highway 360 and Brown in Arlington, Texas. On the basis of *Ginn* and *Theiss* we find that the State, through the officer's testimony, proved the offense occurred on a public road or highway. *See Ginn*, 439 S.W.2d at 840; *Theiss*, 302 S.W.2d at 140. We overrule appellant's second ground of error.

The judgment is affirmed.