COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-113-CR

ASHLEY LYN FARMER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 3 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Ashley Lyn Farmer appeals her conviction for driving while intoxicated.  After the jury found Farmer guilty, the trial court assessed her punishment at 160 days’ confinement, probated for eighteen months,
(footnote: 2) and a fine of $650.  In three points, Farmer argues that the evidence is legally insufficient to prove that she operated a motor vehicle while intoxicated, that the trial court erred by allowing Trooper Lockhart to testify regarding Farmer’s out-of-court statement, and that the trial court erred by allowing Trooper Tomerlin to testify regarding one of Farmer’s statements of which he allegedly had no personal knowledge.  We will affirm.

II.  Factual Background

The evidence at trial consisted of the testimony of two Texas Department of Public Safety Troopers and a DVD that contained an edited version of the arrest video
.

Trooper Gerrand Lockhart testified that on July 3, 2005, while he was traveling on Interstate 35 about ten miles outside of Denton between 2:00 and 2:15 a.m., he noticed a car on the shoulder that had its hazard lights on.  He testified that a female appeared to be changing a flat tire on a black Volkswagen Jetta.  He said that Trooper Mark Tomerlin was traveling with him in a separate vehicle and that they both stopped to see if the female needed assistance.  Once Trooper Lockhart stopped, he confirmed that the female was changing a flat tire on the Jetta and noted that the Jetta was stopped in the middle of the service road where it would impede traffic and present a safety issue.  He asked the female if she needed assistance, and she replied that she had a flat tire
(footnote: 3) and was having trouble using the jack.  He also asked her name, and she replied “Ashley Lyn Farmer.”  Farmer did not state that she had been driving, but she was alone and advised Trooper Tomerlin that she was coming from Denton and was on her way home to Van Alstyne. 

While Trooper Lockhart was assisting Trooper Tomerlin with changing Farmer’s tire, Trooper Lockhart noticed that Farmer appeared to be intoxicated.  Trooper Lockhart said that Farmer’s speech was very slurred and that she had a strong odor of an alcoholic beverage on her breath, which he could smell as she smoked and talked.  Trooper Tomerlin apparently also noticed the smell and asked Trooper Lockhart if he could smell alcohol on Farmer, to which Trooper Lockhart responded “yes.”  Trooper Lockhart testified that Farmer also had red, glassy eyes that were almost closed.  Because Farmer’s eyelids were nearly closed, Trooper Lockhart checked her driver’s license to see if this was her normal appearance and found that it was not.  

Based on these observations, Trooper Lockhart decided to conduct standardized field sobriety tests on Farmer.  First, Trooper Lockhart attempted to administer the horizontal gaze nystagmus, but Farmer did not follow his finger; instead, she kept her eyes straight, started laughing at him, and said, “[W]e just went over this in class.”  With the walk-and-turn test, at first Farmer could not place her right foot in front of her left without stumbling.  Then, when she attempted to perform the test, Trooper Lockhart observed six of the eight clues:
(footnote: 4)  Farmer could not balance in the instructional phase, she started too soon, she missed the heel to toe, she stepped off the line, she used her arms for balance, and she turned improperly.  On the one-leg stand, Farmer performed poorly, in Trooper Lockhart’s opinion, and exhibited three of the four clues:
(footnote: 5)  she put down her foot, she put her hands behind her back, and she did not count out loud. 

Based on the totality of the circumstances—the smell of an alcoholic beverage on Farmer’s breath; her slurred speech; her red, tight eyes; and her performance on the field sobriety tests—Trooper Lockhart concluded that Farmer had lost the normal use of her physical and mental faculties due to the introduction of alcohol.  He therefore decided that Farmer was intoxicated, arrested her, and placed her in the front seat of his patrol car.  Once she was placed in the patrol car, Farmer indicated that she would refuse to provide a breathalyzer sample. 

When they arrived at the jail, Trooper Lockhart started to get Farmer out of the patrol car; however, she unbuckled her seat belt with her hands handcuffed behind her, raised up her feet, and kicked the door open.  Trooper Lockhart testified that Farmer started cursing and fighting after she got out of the car.  Farmer then started kicking and pushing herself back against the wall; all of these actions were captured by the sally port camera at the jail.  After Farmer was searched and booked into the jail, she refused to answer the DWI interview questions. 

Trooper Tomerlin’s testimony was similar to Trooper Lockhart’s:  he was patrolling with Trooper Lockhart on July 3, 2005 and noticed a vehicle that had its hazard lights flashing and that was pulled off the exit ramp of Interstate 35.  Trooper Tomerlin said that he was primarily concerned with safety because the vehicle was parked in the middle lane of traffic on the service road.  So, he parked his patrol car on the exit ramp to cause cars coming off the interstate to slow down, and Trooper Lockhart parked his patrol car behind Farmer’s vehicle to protect her vehicle from oncoming traffic on the service road.  

Trooper Tomerlin testified that he and Trooper Lockhart walked up to a female changing a tire and that she identified herself as “Ashley Farmer.”  Trooper Tomerlin said that he went and got a jack out of his patrol car and after that was primarily concerned with changing Farmer’s tire.  When he observed the flat tire, he noticed that it looked like the tire had struck a curb or guard rail, there were rub marks on the tire, and a gash or puncture was visible in the sidewall.  He explained that the puncture was not caused by a nail; the tire had struck something large that had caused the tire to come off the wheel.  

Trooper Tomerlin testified that almost immediately after he and Trooper Lockhart approached Farmer, he noticed that Farmer’s speech was extremely slurred and he smelled a strong odor of alcoholic beverage coming from Farmer.  Trooper Tomerlin stated that he relayed his observations to Trooper Lockhart that night, including the fact that Farmer told him she was coming from Denton.  Trooper Tomerlin searched the vehicle and found keys in the ignition but no alcoholic beverage containers.  Likewise, Trooper Tomerlin testified that no evidence appeared around the vehicle that would indicate that Farmer was drinking while she changed the tire.  Trooper Tomerlin testified that, in his opinion, Farmer was intoxicated that night.  

III.  Legally Sufficient Evidence of Operating A Motor Vehicle 

While Intoxicated

In her first point, Farmer argues that the evidence is legally insufficient to prove that she actually operated a motor vehicle while she was intoxicated.  Specifically, Farmer points to the fact that there was no evidence that the Jetta’s engine was running or had been running before the troopers approached the car, that neither trooper testified that the vehicle’s hood or engine compartment was warm, that there was no evidence to show how long the Jetta had been parked in the access road before the troopers saw it, that the State failed to offer any evidence that she was the owner of the Jetta, that no witnesses testified that they saw her operate the Jetta, and that there was no evidence to link her physical state at the scene of the arrest to her physical state at the time of the alleged driving. 

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In order to sustain a conviction for driving while intoxicated, the State must show that Farmer (1) drove or operated a motor vehicle (2) while intoxicated (3) in a public place.
(footnote: 6)  
Tex. Penal Code Ann.
 § 49.04(a) (Vernon 2003). 
 There is no statutory definition of “operate,” but the Texas Court of Criminal Appeals has held “that the evidence is sufficient to show operation of a motor vehicle where the totality of the circumstances demonstrate that the defendant took action to affect the functioning of [the] vehicle in a manner that would enable the vehicle’s use.”  
Denton v. State
, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995).  Although driving always involves operation of a vehicle, operation of a vehicle does not necessarily always involve driving.  
Id.
 at 389.

Concerning Farmer’s statement that she was on her way home from Denton to Van Alstyne, an accused’s extrajudicial confession cannot, by itself, establish the essential elements of the offense.  
See Self v. State
, 513 S.W.2d 832, 835 (Tex. Crim. App. 1974) (stating that proof of 
corpus delicti 
may not be made by an extrajudicial confession alone).  If there is evidence corroborating the extrajudicial statement, the extrajudicial statement can be used with the other evidence to establish the 
corpus delicti
.  
Fisher v. State
, 851 S.W.2d 298, 302 (Tex. Crim. App. 1993).  The corroborating evidence need not be sufficient in itself to prove the offense charged.  
Self
, 513 S.W.2d at 835.  The evidence is sufficient if the corroborating evidence joined with the extrajudicial statement permits a rational finding of guilt beyond a reasonable doubt.
(footnote: 7)  
Folk v. State
, 797 S.W.2d 141, 144 (Tex. App.—Austin 1990, pet. ref’d).

The following evidence corroborates Farmer’s admission to Trooper Tomerlin that she was on her way home from Denton to Van Alstyne.  
Trooper Lockhart and Trooper Tomerlin testified that they stopped to help Farmer about ten miles outside of Denton.  The Jetta with the flat tire was in the middle of the Interstate 35 service road.  The troopers noted that the Jetta’s hazard lights were flashing and that the keys were in the ignition.  Although the troopers remained at the scene for an extended period of time, no one besides Farmer approached the Jetta.  This evidence sufficiently corroborates Farmer’s extrajudicial admission that she was on her way home from Denton and was therefore operating a motor vehicle.  
See Layland v. State
, 144 S.W.3d 647, 651-52 (Tex. App.—Beaumont 2004, no pet.) (holding that State established 
corpus delicti
 
of offense of DWI where defendant drove her automobile into a ditch, the defense conceded that defendant was intoxicated within an hour of the latest time she could have been driving, and defendant abandoned car while it was still running); 
Patterson v. State
, No. 12-05-00429-CR, 2006 WL 1918685, at *3 (Tex. App.—Tyler July 12, 2006, no pet.) (mem. op.) (not designated for publication) (holding there was sufficient evidence to establish 
corpus delicti
 of offense of DWI where there was no evidence that there was another occupant in appellant’s vehicle, the vehicle was registered in his name, and no companion appeared on the videotape).  We therefore hold that Farmer’s statement may be used in establishing the 
corpus delicti
 in this case.

Although the record does not establish the precise time that Farmer pulled off the road, the evidence demonstrated that the troopers found her approximately ten miles outside Denton between 2:00 and 2:15 a.m.  Farmer told the troopers that she was on her way home from Denton.  The troopers did not find any alcoholic beverage containers in Farmer’s vehicle or around the parked vehicle.  But Farmer nonetheless failed the field sobriety tests.  Thus, a rational trier of fact could have found that Farmer was intoxicated while she operated her vehicle driving from Denton to the middle of the service road outside Denton where she was found.

Considering Farmer’s statement along with the other evidence presented, all in the light most favorable to the verdict, we hold that the evidence indicates that Farmer, while intoxicated, drove the Jetta or operated the Jetta by exerting personal effort upon it to affect its functioning in a manner that would enable its use.  
See Denton
, 911 S.W.2d at 389
.  Thus, the evidence is legally sufficient to demonstrate that Farmer was operating her car while intoxicated.
(footnote: 8)  
See Zavala v. State
, 89 S.W.3d 134, 135-36, 140 (Tex. App.—Corpus Christi 2002, no pet.) (holding evidence legally sufficient to establish that appellant actually drove motor vehicle while intoxicated where appellant admitted to officer that he had been run off the road by a car, failed the HGN test, car had four flat tires, and no one else was at scene; court made this holding despite facts that vehicle was not running when officer arrived, officer did not remember if keys were in vehicle, appellant was not in vehicle, and officer did not see appellant driving or hear from anyone who saw appellant driving); 
see also Young v. State
, No. 02-04-00437-CR, 2005 WL 1654763, at *3 (Tex. App.—Fort Worth July 14, 2005, no pet.) (mem. op. on reh’g) (not designated for publication) (holding that evidence was legally sufficient to convict appellant of DWI where he failed field sobriety tests, was seen at the location of the wreck, and was the only person who could have been driving the truck that was parked in the opposite direction on the shoulder of the freeway); 
Ellis v. State
, No. 05-04-00059-CR, 2005 WL 532457, at *3 (Tex. App.—Dallas Mar. 8, 2005, no pet.) (mem. op.) (not designated for publication) (holding that evidence was legally sufficient to support DWI conviction where defendant was found standing alone next to the vehicle that had hit a cement bridge support, and she smelled of alcohol, had red, glassy eyes, and her speech was slurred).  
We overrule Farmer’s first point.

IV.  Trial Court Properly Admitted Testimony

A. Trooper Lockhart’s Testimony of Farmer’s Extrajudicial Admission

In her second point, Farmer claims that the trial court erred by overruling her hearsay objection to Trooper Lockhart’s testimony of Tropper Tomerlin’s out-of-court statement concerning Farmer’s operation of the vehicle.  Specifically, Farmer complains that Trooper Lockhart was allowed to testify over objection that Farmer “advised Trooper Tomerlin that she was coming from Denton on her way home.“ 

A trial court’s decision to admit or exclude evidence is afforded a great deal of discretion; thus, we review a trial court’s ruling on admissibility or exclusion of evidence under an abuse of discretion standard.  
See Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); 
Hall v. State
, 13 S.W.3d 115, 120 (Tex. App.—Fort Worth 2000) (applying abuse of discretion standard to chain of custody issue), 
pet. dism'd, improvidently granted
, 46 S.W.3d 264 (Tex. Crim. App. 2001).  We will uphold a trial court’s evidentiary ruling if it is reasonably supported by the record and is correct under any theory of applicable law.  
Martin v. State
, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005); 
see Cantu v. State
, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992), 
cert. denied
, 509 U.S. 926 (1993).

A statement is not hearsay if the statement is offered against a party and is the party’s own statement in either an individual or representative capacity.  
Tex. R. Evid.
 801(e)(2)(A) (Vernon 2003).  “Rule 801(e)(2)(A) plainly and unequivocally states that a criminal defendant’s own statements, when being offered against him, are not hearsay.”  
Trevino v. State
, 991 S.W.2d 849, 853 (Tex. Crim. App. 1999).  A party’s own statements are not hearsay, and they are admissible on the logic that a party is estopped from challenging the fundamental reliability or trustworthiness of his own statements.  
Id.

Although Farmer complains that Trooper Lockhart testified to what Farmer told Trooper Tomerlin, Trooper Lockhart was later asked, “Did she indicate to 
you
 that night that she had been driving?” [Emphasis added.]  Trooper Lockhart replied, “She didn’t state that she was driving, but she said that she was coming from Denton on the way home.”  This later statement came in without objection.  Because neither statement qualifies as hearsay and because the complained of admission came in later without objection, we cannot say that the trial court erred by admitting this testimony.  
See
 
Tex. R. Evid.
 801(e)(2)(A); 
see also
 
Tex. R. App. P.
 33.1(a)(1).  We overrule Farmer’s second point.

B. Trooper Tomerlin’s Testimony of Farmer’s Operation of Vehicle

In her third point, Farmer contends that the trial court erred by overruling Farmer’s objection to Trooper Tomerlin’s testimony of Farmer’s statement concerning her operation of the vehicle.  Farmer specifically contends that Trooper Tomerlin’s testimony should not have been admitted because he repeatedly stated at trial that he had no recollection of any statements made by Farmer at the time of the incident.  

As mentioned above, we 
review a trial court’s ruling on admissibility or exclusion of evidence under an abuse of discretion standard and will uphold a trial court’s evidentiary ruling if it is reasonably supported by the record and is correct under any theory of applicable law
.  
See Guzman
, 955 S.W.2d at 89; 
Hall
, 13 S.W.3d at 120; 
see also Martin
, 173 S.W.3d at 467.

Testimony by a witness to facts of which he has no knowledge is hearsay; and the mere existence of writings, somewhere, whether business records or not, does not change the hearsay character of that testimony.  
Lumpkin v. State
, 524 S.W.2d 302, 305 (Tex. Crim. App. 1975); 
see also 
Tex. R. Evid.
 602 (requiring witness to have personal knowledge to testify).  Memory may be refreshed by business records as well as by other means.  
Lumpkin
, 524 S.W.2d at 305.  In such event, however, with a refreshed recollection the witness is testifying to facts of which he has personal knowledge.  
Id.

In this case, we have reviewed the record from both the suppression hearing and the trial before the jury.  The review of the record as a whole demonstrates that Trooper Tomerlin recalled overhearing Farmer tell Trooper Lockhart where she was coming from and that he recalled having a conversation with Farmer but could not remember the exact words.  Thereafter, Trooper Tomerlin testified several times without objection that Farmer told him that she was coming from Denton.  Consequently, Trooper Tomerlin demonstrated that he had personal knowledge of the statements to which he testified.  
See
 
Tex. R. Evid.
 602.  Therefore, we hold that the trial court did not abuse its discretion by admitting Trooper Tomerlin’s testimony regarding Farmer’s statement that she was going home from Denton.  We overrule Farmer’s third point.

V.  Conclusion

Having overruled each of Farmer’s three points, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 28, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
As a condition of probation, the trial court ordered Farmer to serve thirty days’ confinement in the Denton County Jail. 

3:
Trooper Lockhart testified that Farmer’s tire had a puncture in the sidewall, indicating that the side of the tire had possibly struck a curb. 

4:
Trooper Lockhart testified that exhibiting two clues is the “decision point,” indicating intoxication. 

5:
Again, Trooper Lockhart testified that only two clues are required to indicate intoxication. 

6:
In her brief, 
Farmer does not dispute that she was intoxicated nor that she was in a public place at the time the troopers found her attempting to change her car tire.
  Therefore, we focus our analysis on whether legally sufficient evidence exists that she was operating a vehicle.

7:
The jury charge in this case provided that 

You are instructed that under our law[,] the State may not establish[] the corpus [delicti,] to wit:  driving the motor vehicle[,] solely by the extrajudicial admissions of the defendant.  However, proof of the corpus delicti need not be made independent of an extrajudicial admission.  If there is some evidence corroborating the admission, the admission may be used to aid in the establishment of the corpus delicti.  The corroborating evidence is sufficient if it permits a rational finding of guilt, beyond a reasonable doubt, when joined with the extrajudicial admission.

You are instructed that the admission of the defendant, Ashley Farmer[,] that she was driving the motor vehicle and/or she was coming from Denton [cannot] be used against her unless the State of Texas proves through independent evidence corroborating the admission that she was the driver of the vehicle.  Now, bearing in mind if you find from the evidence beyond a reasonable doubt that on the occasion in question that the State of Texas has failed to corroborate the extrajudicial admission in conjunction with independent evidence that the Defendant, Ashley Lyn Farmer[,] was driving the motor vehicle and/or she was coming from Denton on the day in question or you have a reasonable doubt thereof, you will disregard the admissions of the defendant and all evidence obtained thereof and you will acquit the Defendant and say by your verdict not guilty. 

8:
We have reviewed the trial court’s comments during the charge conference related to the sufficiency of the evidence and note that they are not evidence.